KRUEGER, Appellant, vs. KRUEGER, Administrator, Re-
spondent.

*January 10—January 30, 1906.*

*Wills: Probate: Contest: Mental competency: Appeal: Findings, when disturbed.*

Where the only questions argued in the supreme court are the
mental competency of the testator and the legality of execution
of a will, and there is no clear preponderance of evidence against
the findings thereon made by the trial court, the judgment will
be affirmed.

APPEAL from a judgment of the circuit court for Oconto
county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Mary S. Krueger, a widow, having five children, and pos-
sessing about $3,500 worth of property, all personal, on March
15, 1904, the day before her death, executed a will, as follows:

"First. I give and bequeath to my son *Albert W. Krueger*
three hundred dollars.

"Second. *Christian* and Mary and Frederick and Annie to
receive the balance of the money and mortgages belonging to
me in equal shares.

"Third. My horse and buggy, cutter, and cow, and har-
ness, and all my household furniture and piano and pictures,
I give to my daughter Annie J. W. Krueger."

This will was drawn by a neighboring justice of the peace,
D. E. Whiting, and claimed to have been signed by testatrix
in presence of himself and Mary L. Whiting, who sub-
scribed as witnesses. The will was contested by *Albert W.
Krueger* on three grounds: (1) Want of testamentary ca-
pacity; (2) indefiniteness and uncertainty; and (3) absence
of statutory execution. There was evidence offered and con-
tradicted as to existence and degree of diabetic coma and of
diabetic blindness and as to the subscription by the two wit-
nesses mentioned in the presence of the testatrix, and by D. E.
Whiting in the presence of Mary L. Whiting; also, generally,
as to the mental condition and capacity of the testatrix at and

about the moment of execution. The court filed a careful opinion analyzing the evidence on these various subjects and made finding that testatrix was competent, that by the surrounding facts proved the will was definite and certain, and that it was executed in all respects as required by law. Whereupon the judgment of the county court admitting said will to probate was affirmed, with costs against the contestant, from which judgment said contestant appeals to this court.

The cause was submitted for the appellant on the brief of *Francis X. Morrow*, attorney, and *Sheridan & Evans*, of counsel, and for the respondent on that of *Classon & Classon*.

Dodge, J. The only questions argued in this court are mental competency and the legality of execution. These are pure questions of fact, and we find no clear preponderance of evidence against the findings thereon made by the trial court. Indeed, not enough to so reasonably justify appellant in expectation of a favorable result upon the appeal that we should order his costs paid out of the estate. Such being the case, we cannot overturn those findings, which fully support the judgment.

*By the Court.*—Judgment affirmed.